IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:20-CR-33-D-2

UNITED STATES OF AMERICA )
)
)
v. ) **ORDER**
)
MARK VINCENT DEAN, )
)
Defendant. )

On December 21, 2021, Mark Vincent Dean ("Dean" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 146]. On December 27, 2021, the court appointed counsel for Dean pursuant to 19-SO-3 [D.E. 147]. On March 3, 2022, Dean, through counsel, filed a memorandum and document in support [D.E. 152, 155]. On April 12, 2022, the government responded in opposition [D.E. 160]. On April 15, 2022, Dean replied [D.E. 161]. As explained below, the court denies Dean's motion.

I.

On December 9, 2020, pursuant to a plea agreement, Dean pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine (count one) and possession with intent to distribute 500 grams or more of cocaine and aiding and abetting (count four). See [D.E. 57, 60]. On March 2, 2021, the court held Dean's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 71]; [D.E. 73]. The court calculated Dean's total offense level to be 27, his criminal history category to be II, and his advisory guideline range to be 78 to 97 months'

concurrent imprisonment on counts one and four. See PSR ¶ 70. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Dean to 78 months' concurrent imprisonment on counts one and four. See [D.E. 73, 74].

On December 21, 2021, Dean moved for compassionate release. See [D.E. 146]. The government opposes the motion. See [D.E. 160].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's

3

minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

On August 31, 2021, Dean applied to his warden for compassionate release. See [D.E. 155-1]. Dean received no response, and more than 30 days have lapsed since he submitted his application. See [D.E. 155] 4. As the government has acknowledged, Dean has met the exhaustion requirement. See [D.E. 160] 3; Muhammad, 16 F.4th at 130.

Dean seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his medical conditions (obesity, hypertension, high cholesterol, diabetes, diverticulitis, umbilical hernia, history of stroke, history of smoking and substance abuse, immunosuppression caused by depression, and potential long-term effects caused by his COVID-19 infection), his sex and race, his time served, his rehabilitative efforts, and his release plan. See [D.E. 146]; [D.E. 155] 5–25; [D.E. 155-2]; [D.E. 161].

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Dean is 53 years old and is obese and has hypertension, high cholesterol, diabetes, diverticulitis, gastroesophageal reflux disease, depression, history of stroke, and history of smoking and substance abuse. See [D.E.152]; PSR ¶¶ 46–49. Dean's BOP medical records do not indicate that he has an umbilical hernia or that his depression suppresses his immune system. See [D.E. 152]. Dean does not allege that he is currently experiencing any long-term symptoms from his COVID-19

4

infection and recovery. See [D.E. 146, 152, 155, 161].

Dean argues that his medical conditions, combined with his sex and race, put him at heightened risk of serious infection or death from COVID-19. See [D.E. 146]; [D.E. 155] 10–21; [D.E. 161] 1–6. However, Dean already had COVID-19 in January 2022, was asymptomatic, and recovered fully. See [D.E. 152] 4, 98–111, 122. And Dean has received two doses of the Pfizer COVID-19 vaccine. See id. at 126, 172–73. Dean's natural antibodies and the vaccine provide protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); Garrett v. Murphy, 17 F.4th 419, 433 & n.7 (3d Cir. 2021) (discussing natural immunity as a result of recovering from COVID-19); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v.

5

Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Dean from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. Therefore, reducing Dean's sentence because of his risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Dean's medical conditions, his sex and race, his time served, his rehabilitative efforts, and his release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Dean's sentence. See Hargrove, 30 F.4th at 198–99; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32.

Dean is 53 years old and is incarcerated for conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine (count one) and possession with intent to distribute 500 grams or more of cocaine and aiding and abetting (count four). See PSR ¶¶ 1–8, 12–17. Dean was responsible for possessing or distributing at least 5.11 kilograms of cocaine while acting as a

6

middleman for drug trafficking transactions in North Carolina. See id. ¶¶ 15, 17. On August 24, 2019, Dean sold 111.95 grams of cocaine that he had obtained from his brother-in-law. See id. ¶ 15. Dean twice traveled to South Carolina to obtain cocaine to resell. See id. On September 23, 2019, law enforcement searched Dean's vehicle during a traffic stop and found five kilograms of cocaine that Dean was transporting from South Carolina. See id. Dean's drug trafficking is part of a longer pattern of criminal misconduct. See id. ¶¶ 24–31. Dean has misdemeanor convictions for assault on a female, driving under the influence, driving while license suspended or revoked, reckless driving to endanger, fleeing or eluding arrest, driving while license revoked (four counts), driving left of center, driving while impaired, and no operator's license. See id. Dean has performed poorly on supervision, having violated his probation three times and had it revoked once. See id. ¶¶ 26, 28–29.

Dean has made some positive efforts while federally incarcerated. He works a detail in the yard and is a barber orderly in his unit. See [D.E. 155] 23; [D.E. 155-3]. He states that he wants to take courses in the BOP but had been unable to at the time of his filings due to COVID-19 lockdowns. See [D.E. 146] 33; [D.E. 155-3] 2. Dean has not incurred any disciplinary infractions while federally incarcerated. See [D.E. 160] 3.

The court must balance Dean's good performance in federal custody with his serious criminal conduct, his serious and prolonged criminal history, his poor performance on probation, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Dean's potential exposure to COVID-19, his medical conditions, his vaccinated status, his recovery from COVID-19, his sex and race, his time served, his rehabilitative efforts, and

7

his release plan. Dean's release plan includes living with his fiancée in North Carolina and returning to employment as a barber. See [D.E. 155-2] 1; [D.E. 155-1]. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Dean's arguments, the government's persuasive response, the need to punish Dean for his serious criminal behavior, to incapacitate Dean, to promote respect for the law, to deter others, and to protect society, the court denies Dean's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 146].

SO ORDERED. This 10 day of October, 2022.

JAMES C. DEVER III
United States District Judge